IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID GORDON,**

    Petitioner**,**

                                      No.  CIV 11-802 JP/LFG

**STATE OF NEW MEXICO,**
**GARY KING, Attorney General,**

    Respondents.

**ORDER**

**THIS MATTER** comes before the Court upon *pro se* Petitioner David Gordon's *Motion to Order District Court to Postpone Sentencing Hearing* [Doc. 4], filed September 13, 2011.

On September 7, 2011, David Gordon filed, pursuant to 28 U.S.C. § 2254, his *Petition for a Writ of Habeas Corpus by a Person in State Custody* [Doc. 1].

On September 12, 2011, the assigned District Judge referred the matter to the undersigned Magistrate Judge to recommend an ultimate disposition of the case. [Doc. 2].

On September 13, 2011, Gordon filed the motion that is now before the Court, asking that

> this Court issue an order to Otero County, New Mexico—12th Judicial District Court, ordering that court to halt and postpone David Gordon's (Petitioner's) scheduled "Habitual Offender Sentencing" as this Court is now hearing arguments in Petitioner's Federal Habeas Corpus Writ that could in fact alter

>> the course of events. . . .

[Doc. 4 at 1]. Without citation to any case law or other authority, Gordon submits that "[t]his Court has the right to order the lower court to halt any further sentencing proceedings against petitioner, David Gordon, until this Court has reviewed his Writ of Habeas Corpus and determined the merits of its arguments." [Id. at 1-2]. The Court is not persuaded by Gordon's position.

As an initial matter, "[f]ederal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994). In fact, "[f]ederal courts are to presume that a cause lies outside of their jurisdiction, and it is the burden of the party asserting jurisdiction to prove otherwise." Wells v. King, 340 Fed.Appx. 57, 58 (3rd Cir. 2009) (applying this concept to affirm district court's denial of habeas petitioner's request that court invoke its inherent power to overturn state criminal conviction allegedly procured on basis of fraud).

A federal court is further constrained when it sits in habeas, for "a habeas court has the power to release a prisoner, but has no other power. It cannot revise the state court judgment; it can act only on the body of the petitioner." Douglas v. Jacquez, 626 F.3d 501, 504 (9th cir. 2010) (internal quotations omitted) (district court exceeded its habeas jurisdiction when it instructed state court to revise its judgment to enter sentence for arson of a structure, rather than arson of an *inhabited* structure). Additionally, "the need for federal restraint is heightened in cases involving pending state criminal proceedings" and it

is "axiomatic" that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted remedies available in the state courts.  See Groff v. Guarini, 2009 WL 3260593, at *2 (E.D.Pa. Oct. 7, 2009).  Indeed, the requirement that a habeas petitioner exhaust all available state remedies should, as a matter of comity, be *strictly* adhered to" because it both expresses respect for our dual judicial system and accords deference to ongoing state-court proceedings .  Id. (emphasis in original).

On the basis of the foregoing, this Court declines Gordon's request to issue an order directing the District Court of Otero County, State of New Mexico, Twelfth Judicial District, to postpone its pending habitual-offender sentencing hearing.  [See http://www2.nmcourts.gov/caselookup (setting sentencing hearing for Oct. 31, 2011) (site visited Sept. 22, 2011).

**IT IS, THEREFORE, ORDERED** that David Gordon's *Motion to Order District Court to Postpone Sentencing Hearing* [Doc. 4] is **DENIED**.

**SO ORDERED** this 26th day of September, 2011, in Albuquerque, New Mexico.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge