IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GORDON,

       Petitioner,

v.                                            No. CIV 11-802 JAP/LFG

STATE OF NEW MEXICO, and
GARY K. KING, Attorney General
for the State of New Mexico,

       Respondents.

**RECOMMENDATION OF DISMISSAL,
WITHOUT PREJUDICE**[1]

THIS MATTER is before the Court *sua sponte*. The undersigned Magistrate Judge proposes dismissal without prejudice of Petitioner David Gordon's ("Gordon") § 2254 petition due to Gordon's failure to demonstrate that he exhausted all available state court remedies.

On September 7, 2011, Gordon filed a motion/petition for writ of habeas corpus in federal court, under 28 U.S.C. § 2254. [Doc. 1.] On January 25, 2012, Respondents filed a motion to dismiss Gordon's petition, without prejudice, for failure to exhaust available state court remedies. [Doc. 11.] Gordon did not respond to the motion to dismiss, and the deadline for doing so elapsed.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

1

On March 12, 2012, the Court entered an Order to Show Cause requiring Gordon to demonstrate why his petition should not be dismissed for failure to respond to the motion to dismiss. Gordon was allowed until March 30, 2012, to file either a response to the Order to Show Cause or a response to the motion to dismiss. On April 3, 2012, Gordon filed an untitled pleading. [Doc. 14.] While several days late, the Court considers the pleading and construes it as a response to the Order to Show Cause.

In the pleading, Gordon provides no opposition to Respondents' motion to dismiss for failure to exhaust state court remedies, nor does he show cause why this Court should not recommend that his petition be denied and dismissed. [Doc. Nos. 11, 14.] Instead, Gordon summarily argues the merits of his petition, asking this Court to "uphold this matter" and not "send this case back to the lower court." Gordon further asserts that a "State Writ of Habeas Corpus will be presided in the same [state] district court that has proven that Judge James Waylon Counts and his court are unable to be impartial and unbias [sic]." [Doc. 14, at 1.] Gordon also contends that the state court habeas petition will be denied and returned to this Court, "based on the facts of this case and actions of the lower court." Attached to Gordon's two-page pleading is a copy of a state court habeas petition that essentially mirrors the one he filed in federal court.[2] [Doc. 14, Attachment.]

Respondents argued in the motion to dismiss that the underlying state district court criminal proceeding (State v. Gordon, D-1215-CR-200700282) was ongoing and not final as of January 25, 2012. [Doc. 11.] Respondents noted that the habitual offender sentencing hearing had been

---

[2]Gordon's responsive pleading [Doc. 14] is unsigned. *See* D.N.M. LR-Civ 10.3(b) (a paper filed without signature will be stricken unless it is signed within fourteen (14) days after the omission is called to the party's attention). While unsigned at this point, the Court reviewed the pleading in reaching its recommendation. In addition, the state court habeas petition that is attached is unsigned and does not indicate it has been filed in state court.

scheduled on October 31, 2011, but was vacated and not reset as of late January 2012. According to Respondents, once an amended judgment and sentence were entered in the criminal matter, Gordon would have two available options to seek further review in New Mexico state courts and exhaust the claims raised in his federal petition – a direct appeal or a state habeas petition.

In examining the current state court docket report, it appears that the sentencing occurred on February 2, 2012, and that Gordon was committed for a period of incarceration. [State Court Docket, State of New Mexico, Twelfth Judicial District Court.][3] Thus, the underlying state criminal proceeding appears to be final, after which Gordon now has several options to pursue exhaustion of all available state court remedies.

A petitioner must exhaust all available state court remedies before filing a federal habeas petition. *See* Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (federal courts repeatedly hold that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies). *See also* Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal citations and quotation marks omitted). Gordon's summary supposition that his state court habeas petition will be denied does not demonstrate that he exhausted his state court remedies. Indeed, the state court docket does not indicate as of April 9, 2012, that the state habeas petition was filed.

---

[3]The Court takes judicial notice of the state court's current docket report. *See* St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) (court may take judicial notice of its own records and those of official state court proceedings).

It is clear that Gordon has not exhausted all available state court remedies with respect to the claims raised in his federal petition. Therefore, his federal habeas petition is subject to dismissal, without prejudice, for failure to exhaust state court remedies.

### **Recommendation**

The undersigned Magistrate Judge recommends that Gordon's § 2254 petition be denied and that this matter be dismissed, without prejudice, for the reasons stated herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge